UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

────────────────────

№ 21-CV-1729 (EK) (RER)

────────────────────

GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD,

Plaintiff,

VERSUS

EDDINGTON LINK, LLC AND LISA EDDINGTON,

Defendants.

────────────────────

**REPORT & RECOMMENDATION**

December 31, 2021

────────────────────

TO THE HONORABLE ERIC KOMITEE
UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

On March 30, 2021, plaintiff Green Mountain Holdings (Cayman) Ltd. ("Plaintiff" or "Green Mountain") brought this diversity action under 28 U.S.C. § 1332 against Eddington Link, LLC ("Eddington Link") and Lisa Eddington ("Eddington") (collectively, "Defendants"), seeking foreclosure and sale of the property located at 57 East 54 Street, Brooklyn, New York ("the Property"), pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), Section 1301 *et seq*. (*see* ECF No. 1 ("Compl.")). On May 4, 2021, after Defendants failed to answer or otherwise respond to the Complaint, Plaintiff requested entry of default. (ECF No. 8), which was entered on May 10, 2021. (ECF No. 12; ECF No. 13). Plaintiff subsequently filed this

1

motion for default judgment for foreclosure and sale (ECF No. 14 ("Mot. for Default J.")), which Your Honor referred to me for a report and recommendation. (Order dated May 13, 2021).

For the reasons set forth herein, I respectfully recommend that Plaintiff's motion for default judgment be granted, and that Plaintiff be awarded: (1) $250,000 for the outstanding principal balance on the Note; (2) $99,943.04 for unpaid interest for the period of May 2, 2020 through December 31, 2021; (3) $164.38 in *per diem* interest until the date of judgment; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961(a). I further recommend that a special master be appointed to ascertain and compute the amounts due to Plaintiff under the mortgage, determine whether the premise may be sold in one parcel, and to conduct the foreclosure sale of the Property, the proceeds from which should be applied to the amount due under the Note. Finally, should a deficiency exist after the sale of the Property, I respectfully recommend that Plaintiff be permitted to seek a post-sale deficiency judgment against Eddington.

## **BACKGROUND**

Accepting all well-pleaded factual allegations in the Complaint as true, as required by Rule 55 of the Federal Rules of Civil Procedure, the facts of this case are as follows:

Eddington is the sole member of Eddington Link, a New York limited liability company. (Compl. ¶ 3-4). On May 2, 2019, Eddington Link executed a mortgage ("the Mortgage") to Golden Bridge LLC ("Golden Bridge") encumbering the Property. (ECF No. 1-3). That same day, Eddington Link executed a promissory note (the "Note") to Golden Bridge, secured by the Mortgage, in the amount of $250,000 (*id*. ¶ 10; ECF No. 1-2)[1] and Eddington executed a personal guarantee of the loan. (Compl. ¶ 11; ECF No. 1-4).

---

[1] Plaintiff is the current owner of the Note by virtue of its physical possession of the wet-ink Note which contains an endorsement payable to the them. (Compl. ¶ 13; ECF No. 1-2); *see JPMorgan Chase Bank Nat'l Assn. v. Futterman*, 173 A.D.3d 1496, 1497 (N.Y. App. Div. 3d Dep't. 2019); *1077 Madison St., LLC v. Smith*, 2015 U.S. Dist. LEXIS 135025, at *18 (E.D.N.Y. Aug. 27, 2015) (quoting *Wells Fargo Bank, N.A. v. Ostiguy*, 127 A.D.3d 1375, 1376 (N.Y.

The Note and Mortgage were for the period of June 2, 2019 through May 2, 2020. (Compl. ¶ 14). On May 2, 2020, Defendants failed to pay the principal amount of $250,000 and went into default. (*Id*. ¶ 15).

Allegedly on December 18, 2020, Green Mountain, who was not the owner of the Note at the time,[2] sent a 30-day notice to Eddington Link advising of possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured. (Compl. ¶ 16).

On February 9, 2021, Golden Bridge assigned the Mortgage to Green Mountain. (*Id*. ¶ 13). On March 30, 2021, Plaintiff sought to accelerate the Note and brought this action to foreclose the Mortgage. (Compl. ¶ 1). On April 6, 2021, Green Mountain filed a notice of pendency with the Kings County Clerk as required by New York law, N.Y. Real Prop. Acts. Law § 1331, (ECF No. 14-5). On April 9, 2021, Defendants were properly served pursuant to CPLR § 308 and § 311, respectively.[3] (ECF Nos. 6-7). On May 4, 2021, after Defendants failed to answer or otherwise respond to the Complaint, Plaintiff requested an entry of default (ECF Nos. 9-10), and default was

---

App. Div. 3d Dep't. 2015)). The mortgage also transfers with the "debt as an inseparable incident." *JPMorgan Chase*, 173 A.D.3d at 1497.

[2] The "demand letter" sent by Green Mountain to Eddington Link states that Green Mountain was the "creditor" and "current holder" of the Note and Mortgage. (ECF No. 1-6). However, these were not assigned to Green Mountain until February 9, 2021. (ECF Nos. 1-5, 14-9). New York law mandates that plaintiffs in foreclosure actions conform with several statutory notice requirements that apply when an action involves a home loan, a mortgagor-occupied property, or a tenant-occupied property. N.Y. Real Prop. Acts. Law §§ 1303-04. For various reasons, none of these requirements apply here. First, Green Mountain argues that the 90-day notice provision of RPAPL § 1304 does not apply because the underlying loan "is not a home loan pursuant to the definition set forth in the statute." (Mot. for Default J. at 4). This Court agrees: pursuant to the statute, a "home loan" must be borrowed by a natural person and secured by an owner-occupied property, Real Prop. Acts. § 1304(6), neither of which are the case here, as Green Mountain is a limited liability company, and therefore, cannot be a "borrower" under the statute. *2013 Funding LLC v. Park 91*, 2013 N.Y. Misc. LEXIS 5383, at *5 (N.Y. Sup. Ct., N.Y. Cty. Nov. 6, 2013). As such, the home loan foreclosure notice provisions do not apply. *Id*. Second, this action is not subject to tenant or mortgagor-occupier notification requirements, *id*. § 1303, because no tenants inhabit the property and because Green Mountain is not capable of inhabiting it.

[3] Initially, Plaintiff included fictitious defendants Jane and John Doe into the Complaint to represent possible additional parties having or claiming an interest in or lien upon the Property (Compl. ¶ 5). None were found to exist. On April 16, 2021, Plaintiff gave notice of a voluntary dismissal of fictitious defendants John Doe and Jane Doe, pursuant to Pursuant to F.R.C.P. 41(a)(1)(A)(i) (ECF No. 6)).

3

entered on May 10, 2021. (ECF Nos. 12-13). On May 12, 2021, Plaintiff filed the present motion for default judgment, requesting that this Court: (1) grant default judgment for foreclosure and sale of the Property; (2) award damages in the amount of the unpaid principle plus interested secured by the mortgage from May 2, 2020 through the entry of judgment; (3) appoint a special master or Magistrate Judge pursuant to Federal Rule of Civil Procedure 53 to ascertain and compute the amounts due to Plaintiff under the Note and Mortgage, determine whether the premise may be sold in one parcel, and conduct the foreclosure sale; and (4) adjudicate Eddington liable for any deficiency that may exist following the foreclosure and sale. (Mot. for Default J.).

## **LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment. Fed. R. Civ. P. 55. The Rule provides for "a two-step process for obtaining default judgment." *See Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, after a defendant has failed to appear or otherwise defend the case, the movant must request from the clerk of the court an entry of default against the nonresponsive party. Fed. R. Civ. P. 55(a). Second, after default has been entered, the plaintiff must then request an entry of default judgment. *Id.* 55(b)(2).

On a motion for default judgment, a court must accept all well-pleaded allegations as true, except those related to damages. *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citing *Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). This means that upon default, courts are to "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) (citation omitted). Additionally, all reasonable inferences must be drawn in the plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d. Cir. 2009). Ultimately, whether to grant a motion for default

judgment is "left to the [court's] sound discretion." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017).

## DISCUSSION

### I. Foreclosure and Sale

Plaintiff seeks default judgment on its foreclosure and sale claim against Defendant. Pursuant to New York law, "a plaintiff seeking to foreclose a mortgage it did not originate must show evidence of: (1) the mortgage assignment; (2) the mortgage; (3) the note, and (4) the mortgage default." *Arcpe Holding v. 9Q4U5E LLC*, No. 19-CV-6417 (DLI) (RER), 2021 U.S. Dist. LEXIS 151493, at *5 (E.D.N.Y. Aug. 11, 2021); *see Bank of Am., N.A. v. 3301 Atlantic LLC*, No. 10-CV-5204 (FB) (SMG), 2012 U.S. Dist. LEXIS 90928, at *9 (E.D.N.Y. June 29, 2012) *adopted by* 2013 U.S. Dist. LEXIS 206637 (Jan. 22, 2013). Collectively, these elements establish a plaintiff's presumptive foreclosure right. *Wilmington Sav. Fund Soc'y, FSB v. Klein*, No. 18-CV-4231 (FB) (RER), 2019 U.S. Dist. LEXIS 40757, at *2-3 (E.D.N.Y. Mar. 12, 2019), *adopted by* 2019 U.S. Dist. LEXIS 76046 (May 3, 2019).

Here, Plaintiff has established a presumptive right to default foreclosure against Defendants. Plaintiff has shown the existence of the assignment (ECF No. 1-5), Note (EFC No. 1-2), Mortgage (ECF No. 1-3), and mortgage default (ECF Nos. 14-8, 14-12, 14-13). This is sufficient to satisfy the requirements for a mortgage foreclosure action. *See e.g., Windward Bora LLC v. Valente*, No. 18-CV-4302 (JS) (SIL), 2019 WL 3872853 at *3 (E.D.N.Y. July 16, 2019), *adopted by* 2019 WL 2934640 (Aug. 6, 2019). Defendants have not made any defense against Plaintiff's claim, or challenged the existence of any of these elements. Accordingly, I respectfully recommend that Plaintiff's request for foreclosure and sale of the Property be granted.

5

### II.     Liability of Lisa Eddington for Any Post-Sale Deficiency Judgment

Plaintiff also requests that Eddington be held "jointly and severally" liable for "any deficiency due under the Note and Mortgage that may result from the sale." (Compl. at 6; Default J. Mem. at 5). New York law provides that a personal guarantor may be liable for any remaining debt after the sale of the mortgaged property. N.Y. C.L.S. R.P.A.P.L. § 1371. This law "requires a plaintiff to name as a defendant any person from whom it seeks a deficiency judgment." *Letchworth Realty, LLC v. LLHC Realty, LLC*, No. 15-CV-6680 (FPG), 2020 U.S. Dist. LEXIS 163220, at *4 (W.D.N.Y. Sept. 6, 2020) (citing *United States v. Whitney*, 602 F. Supp. 722, 731 (W.D.N.Y. 1985) ("New York law provides that a mortgagee may recover from the mortgagor the debt remaining unsatisfied after foreclosure, but only if the person liable for the payment of the debt secured by the mortgage was made a defendant in the action, and appeared or was personally served with the summons in the action."))

Here, Eddington was properly named as a defendant. On May 2, 2019, Eddington executed a personal guaranty in which she "absolutely and unconditionally guarantee[d] to [Green Mountain] the prompt and unconditional payment" of the loan. (ECF No. 1-4). The agreement, like the Note, provided that any outstanding payment would become immediately due upon default. (*Id.* at 2). Accordingly, as a personal guarantor of the loan, Eddington's obligation to repay the loan commenced at the time of default. *See Stebbins v. Artificial Horizon, Ltd.*, No. 15-CV-1196 (JFB), 2016 U.S. Dist. LEXIS 34680, at *13 (E.D.N.Y. Mar. 17, 2016) (citing *In re Wilson*, 9 B.R. 723, 725 (Bankr. E.D.N.Y. 1981) ("As a guarantor of payment, liability attached to the debtor immediately upon default of the principal obligor."))

Although a deficiency judgment is not appropriate until after the foreclosure and sale has occurred, it is appropriate at this stage to determine liability if the deficiency judgment should occur. *See Bankers Trust Co. v. Battaglia*, No. 97-CV-0847 (SC), 1999 U.S. Dist. LEXIS 15465, at *11 (W.D.N.Y. Aug. 20, 1999) (collecting cases); *Cassia Corp. v. North Hills Holding Corp.*, 281 A.D. 709, 709 (N.Y. App. Div. 2d Dep't. 1952) ("A deficiency judgment may be entered following a sale of the mortgaged premises under a valid judgment of foreclosure and sale and the distribution of the proceeds thereunder, if there is an adjudication of personal liability in the foreclosure judgment"). Here, under the terms of the personal guaranty agreement, Eddington agreed to be personally liable for any obligation incurred by the loan. (ECF No. 1-4). Accordingly, if a deficit exists after the sale of the Property, I respectfully recommend Plaintiff be permitted to seek a deficiency judgment against Eddington.

### III.   Special Master Appointment

Plaintiff also requests that the Court appoint a special master to ascertain and compute the amounts due to Plaintiff under the Note and Mortgage, determine whether the Property may be sold in one parcel, and conduct the foreclosure sale. (Mot. Default J.). "Courts in this Circuit have permitted such appointments where the plaintiff 'established a prima facie case by presenting a note, a mortgage, and proof of default.'" *Miss Jones LLC v. Brown*, No. 17-CV-989 (NGG) (VMS), 2020 U.S. Dist. LEXIS 148140, at *20 (E.D.N.Y. Aug. 14, 2020), *adopted by* 2020 U.S. Dist. LEXIS 16633 (Sept. 8, 2020) (quoting *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878 (ADS) (WDW), 2014 U.S. Dist. LEXIS 55423, at *4 (E.D.N.Y. Apr. 18, 2014)). As previously discussed, Plaintiff has provided these documents. Accordingly, I respectfully recommend that a special master be appointed to determine the amount owed to Plaintiff, assess whether the Property may be sold in one parcel, and conduct the foreclosure sale of the Property. *See Miss Jones LLC v.*

7

*Seaview Court*, No. 17-CV-1169 (DLI) (PK), LLC, 2019 U.S. Dist. LEXIS 31545, at *13 (E.D.N.Y. Feb. 25, 2019).

### IV.     Damages Due on The Note[4]

"Once liability is established, the court must ascertain damages with 'reasonable certainty.'" *U.S. Bank N.A. v. Christian*, No. 19-CV-427 (CBA) (RML), 2020 U.S. Dist. LEXIS 33136, at *15 (E.D.N.Y. Feb. 25, 2020) (quoting *Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 31 (2d Cir. 2014)), *adopted by* 2020 U.S. Dist. LEXIS 121759 (July 10, 2020). To prove damages, Plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibit Group v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). While "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." *Windward Bora, LLC v. Chazon*, No. 19-CV-3912 (FB) (CLP), 2020 U.S. Dist. LEXIS 3792, at *5 (E.D.N.Y. Jan. 8, 2020) (quoting *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y. 1988), *aff'd* 873 F.2d 38 (2d Cir. 1989)), *adopted by* 2020 U.S. Dist. LEXIS 36673 (Mar. 2, 2020). Accordingly, "an evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded." *U.S. Bank N.A.*, 2020 U.S. Dist. LEXIS 33136, at *15.

Here, Plaintiff seeks to recover the principal amount of $250,000 due under the Note plus interest. (Compl. ¶ 9; Mot. Default J.). In support of damages, Plaintiff provided a copy of the

---

[4] Plaintiff requested attorney's fees in the Complaint (Compl. at 5-6) but did not request attorney's fess in the motion for default judgment, proposed judgment, or accompanying memorandum of law. Accordingly, any request for attorney's fees is considered abanonded. *See Am. Home Mortgage Corp. v. America's Choice Mktg., Inc*., No. 07-CV-384 (JS) (AKT), 2008 U.S. Dist. LEXIS 23090 at *4 (E.D.N.Y. Mar. 20, 2008) (deeming abandoned a claim for attorneys' fees included in complaint but omitted from proposed default judgment). Even if Plaintiff had properly requested attorney's fees in this default judgment action, an award of attorney's fees would not be appropriate because Plaintiff did not submit any billing records. *See Romanowicz v. Alister & Paine, Inc*., No. 17-CV-8937 (PAE) (KHP), 2018 U.S. Dist. LEXIS 132066, at *16 (E.D.N.Y. Aug. 3, 2018).

8

Note; an affidavit of Yonel Devico, the Vice President of Green Mountain (ECF No. 14-8 ("Devico Aff.")); a "payment history" report (ECF No. 14-12); and a "payoff report" from FCI Lender Services, setting forth the amount due (ECF No. 14-13). I find these documents sufficient to prove damages to a reasonable certainty.

    a. **Unpaid Principal Amount**

Under the terms of the Note (ECF No. 1-2), Eddington Link owed a principal amount of $250,000 plus 12% interest per annum. (Note § 3). At the time of signing, Eddington Link paid $30,000, "representing a full prepayment of the interest for the full twelve months of the loan (June 2, 2019 – May 2, 2020." (Note § 3; ECF No. 14-12). Through the Devico Affidavit and accompanying documentation (ECF Nos. ECF. No. 14, Exhibits 8, 12, 13), Plaintiff provided sufficient evidence of the principal amount due under the Note, and that this amount has not been paid. Accordingly, I respectfully recommend that Plaintiff be awarded $250,000 for the principal amount due under the Note.

    b. **Unpaid Interest on the Note**

Under the terms of the Note, upon default, Defendant Eddington Link would be charged a "default rate" of 24% per annum. (ECF No. 14-9 at 7-8).[5] On May 2, 2020 Defendants failed to pay the amount due on the loan and went into default. (Devico Aff. ¶ 9; Compl. ¶ 15). Applying the default interest rate to the unpaid principal balance, interest accrued at a rate of $164.38 per day.[6] From May 2, 2020 to December 31, 2021, Defendants have failed to pay 608 days of accrued interest. I therefore respectfully recommend that Plaintiff be awarded $99,943.04[7] for unpaid

---

[5] This interest rate is in the document labeled "Mortgage and Assignment of Leases and Rents" which is attached to the "Mortgage Note" and therefore presumably incorporated therein.

[6] $250,000 unpaid principal balance X 0.24 default interest rate = $60,000. $60,000/365 days = $164.38.

[7] $164.38 X 608 days = $99,943.04.

9

interest between May 2, 2020 and December 31, 2021; and further recommend that Plaintiff be granted *per diem* interest of $164.38 per day until judgment is entered. *See Windward Bora LLC v. Sterling*, No. 18-CV-1727 (DRH) (SIL), 2018 U.S. Dist. LEXIS 192347, at *12 (E.D.N.Y. Nov. 8, 2018) (awarding per diem daily interest in a foreclosure and sale case).

Additionally, I respectfully recommend awarding post-judgment interest, to be calculated at the federal rate set forth in 28 U.S.C. § 1961(a) ("interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); *see e.g., Gustavia Home, LLC v. Alvarez*, No. 16-CV-6633 (DRH) (SIL), 2017 U.S. Dist. LEXIS 86016, at *10-11 (E.D.N.Y. June 2, 2017) (awarding post-judgment interest in a foreclosure and sale action), *adopted by* 2017 U.S. Dist. LEXIS 18609 (July 12, 2017); *Builders Bank v. Northern Funding*, *LLC*, No. 08-CV-3575 (MDG), 2012 U.S. Dist. LEXIS 149004, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

For the reasons set forth above, I respectfully recommend that Plaintiff be awarded: (1) $250,000 for the principal due under the Note; (2) $99,943.04 for unpaid interest for the period of May 2, 2020 through December 31, 2021; (3) $164.38 in *per diem* interest until the date of judgment; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that Plaintiff's motion for default judgment be granted, and that Plaintiff be awarded: (1) $250,000 for the outstanding principal balance on the Note; (2) $99,943.04 for unpaid interest for the period of May 2, 2020 through December 31, 2021; (3) $164.38 in *per diem* interest until the date of judgment; and (4) post-

judgment interest pursuant to 28 U.S.C. § 1961(a). I further recommend that within five days Plaintiff recommend three candidates to Judge Komitee so that he may select one to act as special master, and that the Property be foreclosed and sold with the proceeds to be applied to the amount due under the Note. Finally, should a deficiency exist after the sale of the Property, I respectfully recommend that Plaintiff be permitted to seek a post-sale deficiency judgment against Eddington. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric R. Komitee within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: December 31, 2021
Brooklyn, NY

11