

Mojdeh Malekan, Esq.

450 Seventh Ave, Suite 1408
New York, NY 10123
T. 212.643.6677
F. 347.491.4048
mmalekan@hasbanilight.com

November 28, 2022

**VIA ECF**
Judge Eric Komitee
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

      **RE:**   *Green Mountain Holdings (Cayman) Ltd. v. Eddington Link, LLC, et al.*
             Case No.: 21-cv-01729-EK-RER
             **Appointment of Referee**

Dear Judge Komittee:

      We represent the Plaintiff, Green Mountain Holdings (Cayman) Ltd. ("Plaintiff") in the above referenced matter. We are writing pursuant to the Court's Order dated November 2, 2022. As required by the Court, Annexed hereto as **Exhibit A** are the resumes of proposed referees Dominic Famulari, Esq., Allan Mendelsohn, Esq. and Leonard C. Spector, Esq. Annexed hereto as **Exhibit B** is a proposed "Judgement of Foreclosure and Sale", compliant with Federal Rule of Civil Procedure §53, appointing a referee to determine whether the subject property can be sold as one parcel and to conduct the auction of the subject property.

      The proposed compensation for the appointed Referee, including citations to the relevant section of the Civil Practice Law and Rules that provide the basis for the fees under New York law, is enumerated in the Order as follows:

> The statutory fees and commissions of said Referee pursuant to CPLR § 8003 (b) which shall not exceed $500 unless the sale price (the amount of the accepted bid) exceeds $50,000. In the event the sale price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of $500 is sought pursuant to CPLR § 8003(b), and if no 3 surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court.

> Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR § 8003 (b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall

be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the Report of Sale. The five-day period for payment of surplus money into Court as set forth in RPAPL § 1354(4), and the thirty-day period set forth in RPAPL § 1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750, including compensation authorized pursuant to CPLR § 8003 (a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

Plaintiff respectfully requests that the Court issue a Judgement of Foreclosure and appoint a referee so that Plaintiff can proceed to schedule a foreclosure auction.

We thank you for your continued attention to this matter.

Respectfully,

*/s/ Mojdeh Malekan*