UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

GREEN MOUNTAIN HOLDINGS (CAYMAN), LTD.,

Plaintiff,

-against-

EDDINGTON LINK, LLC, and LISA EDDINGTON,

Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
21-CV-1729 (EK)(CLP)

ERIC KOMITEE, United States District Judge:

Plaintiff Green Mountain Holdings (Cayman), Ltd. brought this foreclosure action in 2021, alleging that defendants Lisa Eddington and Eddington Link, LLC, defaulted on the subject loan. After defendants failed to respond, the Court entered default judgment in March 2022. In December 2023, defendants appeared for the first time and moved to vacate the entry of default and default judgment. The Court referred the motion to Magistrate Judge Pollak, who recommended granting it in a Report and Recommendation dated August 16, 2024. Green Mountain timely objected. For the reasons set forth below, the Court adopts the R&R in its entirety and grants the motion to vacate the entry of default and default judgment.

## I. Legal Standard

A district court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court reviews *de novo* the portions of a Report and Recommendation ("R&R") to which a party specifically objects. Fed. R. Civ. P. 72(b)(3); *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).[1] It reviews unobjected-to portions of the R&R for clear error. Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

## II. Discussion

"When deciding whether to relieve a party from default or default judgment, [courts] consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). Willfulness "carries the most weight." *In re Orion Healthcorp, Inc.*, 95 F.4th 98, 104 (2d Cir. 2024).

### A. Defendants' Default Was Not Willful

Judge Pollak determined that defendants' default was not willful. R&R 9. She found that Eddington's declaration and

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

supporting medical records sufficiently demonstrated that Eddington's previously untreated schizoaffective disorder prevented her from responding timely. *Id.* at 8-9.

Green Mountain Holdings (Cayman), Ltd. ("Green Mountain") argues that the declaration is insufficient without a supporting "medical expert's affidavit," and that the medical records are inadmissible as hearsay. Pl.'s Objs. to R&R ("Pl.'s Objs.") 4-5, ECF No. 45. But a party waives any argument it fails to raise before the magistrate judge. *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020). Green Mountain raised neither argument before Judge Pollak and has thus waived both. Pl.'s Response to Mot. to Vacate, ECF No. 39. In any event, the Court need not reach the admissibility argument because the declaration alone "satisfactorily explain[s]" that the default was not willful. *SEC. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *see* R&R 9.

**B. Defendants May Have Meritorious Defenses**

Judge Pollak determined that defendants may have meritorious defenses under the Truth in Lending Act ("TILA") and New York Banking Law ("Banking Law"). R&R 10-13. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co. v. Eagle Ins.*

*Co.*, 92 F.3d 57, 61 (2d Cir. 1996).

***Potential Defense under TILA.*** Green Mountain argues that TILA does not apply because, at the loan's closing, Eddington signed an affidavit stating that the loan was for commercial investment purposes. Pl.'s Objs. 8-9.

TILA only covers loans issued "primarily" for personal purposes. *Barker v. Rokosz*, 740 F. Supp. 3d 187, 204-06 (E.D.N.Y. 2024) (outlining factors relevant to determining a loan's purpose, including whether the subject property was a personal residence). The R&R points to sufficient evidence that, despite the affidavit, Eddington used the loan to improve the mortgaged property and continuously resided there. R&R 10-11. The Court thus agrees that a factfinder has some determination to make as to whether TILA applies.[2]

The R&R also determined that the loan's "default interest rate and balloon payment" might violate TILA's substantive provisions. R&R 10-11; *see* 15 U.S.C. §§ 1639(d)-(e), 1640(a). Green Mountain does not object to that conclusion, and the Court finds no clear error in it.

***Potential Defense under Banking Law.*** Green Mountain

[2] The Court expresses no view, however, on the "ultimate merits of [this] defense[]" — or any other question about colorable claims or defenses discussed herein. *U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 406-07 (S.D.N.Y. 2004).

also argues that defendants cannot invoke Banking Law's protections against "high-cost home loans," because Eddington Link, LLC, not Eddington herself, entered into the mortgage agreement. Pl.'s Objs. 8.

Although Section 6-l generally covers loans only to "natural persons," it also applies to "any person who in bad faith attempts to avoid the application of this section by any subterfuge." N.Y. Banking Law § 6-l(1)(e)(ii),(2)(McKinney). A borrower may thus invoke Section 6-l by showing that the lender caused her to form an LLC so as to evade the statute. *See Aries Fin., LLC v. 12005 142nd St., LLC*, 127 A.D.3d 900, 902 (N.Y. App. Div. 2d Dep't 2015). Judge Pollak identified adequate evidence here suggesting that Eddington formed the LLC at the lender's direction and in its interest. R&R 12. The Court thus agrees that Section 6-l may apply.

Green Mountain does not object to the R&R's further determination that the loan might violate Banking Law's substantive restrictions. R&R 12; Pl.'s Objs. 6-8. Finding no clear error in that conclusion, the Court agrees that defendants may have a defense under Banking Law.

**C. Green Mountain Has Not Shown It Will Suffer Undue Prejudice**

Finally, the R&R concluded that Green Mountain failed

to show undue prejudice because its only asserted harm is the decrease in the mortgaged property's value. R&R 13-14. The Court agrees that this harm does not suffice. *Id.*; *see Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983).

## III. Conclusion

Having conducted a *de novo* review of the portions of the R&R to which plaintiff has specifically objected, and a review of the remaining portions for clear error, I adopt the R&R in its entirety. Accordingly, defendants' motion to vacate the entry of default and default judgment is granted.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 17, 2026
Brooklyn, New York